JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
JOHN M. ORR
Nevada Bar No. 14251
GREENBERG GROSS LLP
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*JDunn@GGTrialLaw.com*
*MHale@GGTrialLaw.com*
*JOrr@GGTrialLaw.com*

*Attorneys for Plaintiff*
*Colton Puckett*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COLTON PUCKETT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EMD ACQUISITION LLC, a Nevada limited liability company,<br><br>Defendant. | Case No.: 2:26-cv-01086-ART-MDC<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**[FIRST REQUEST]** |

Plaintiff Colton Puckett ("Plaintiff"), by and through his counsel of record, Greenberg Gross LLP, and Defendant EMD Acquisition LLC ("Defendant"), by and through its counsel of record, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby stipulate and agree, pursuant to Fed. R. Civ. P. 16(b)(4), LR IA 6-1, and LR 26-3, to extend the deadlines set forth in the Stipulated Discovery Plan and Scheduling Order (ECF No. 19), which the Court entered on June 9, 2026 (ECF No. 20) (the "Scheduling Order"), by ninety (90) days. This is the parties' first request for an extension of these deadlines.

**A. <u>Discovery Completed to Date</u>**

The parties have completed the following discovery to date:

- May 22, 2026: The parties conducted their Fed. R. Civ. P. 26(f) conference.
- June 5, 2026: The parties filed the Stipulated Discovery Plan and Scheduling Order (ECF No. 19), which the Court entered on June 9, 2026 (ECF No. 20).
- June 8, 2026: Plaintiff served his First Set of Requests for Production of Documents and First Set of Interrogatories on Defendant.
- June 10, 2026: Defendant served its First Set of Interrogatories, First Set of Requests for Production, and First Set of Requests for Admission on Plaintiff.
- June 12, 2026: Plaintiff served his Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) and produced documents Bates-labeled PLTF0000001–PLTF0000398.
- June 12, 2026: Defendant served its Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1), produced documents Bates-labeled DEF000001–DEF001044 and its insurance policy, and served a privilege log.
- July 10, 2026: Plaintiff served his responses to Defendant's First Set of Interrogatories and First Set of Requests for Production. Plaintiff served his interrogatory verification, signed July 10, 2026, on July 20, 2026.
- July 20, 2026: Plaintiff served his First Supplemental Disclosures and produced additional documents Bates-labeled PLTF0000399–PLTF0001044.
- July 22, 2026: Defendant served its Answers to Plaintiff's First Set of Interrogatories, verified by Nicole Taylor, and its Responses to Plaintiff's First Set of Requests for Production.
- July 22, 2026: Defendant served its First Supplemental Disclosures and produced additional documents Bates-labeled DEF001045–DEF001482. Defendant designated documents Bates-labeled DEF001483–DEF001965, which consist of OSHA investigation materials, as confidential, to be produced once a protective order is entered.
- July 22, 2026: Plaintiff served an Amended Notice of Deposition of Nicole Taylor.
- July 31, 2026 – present: The parties have exchanged drafts of a proposed stipulated protective order. Defendant circulated an initial draft on July 31, 2026, and Plaintiff

returned proposed revisions on October 8, 2026. The parties continue to meet and confer regarding its terms.

- August 5, 2026: Plaintiff took the deposition of Nicole Taylor.
- September 2, 2026: The parties participated in an Early Neutral Evaluation session before Magistrate Judge Nancy J. Koppe. The parties did not reach a settlement, and the case returned to the normal litigation track (ECF No. 23).
- October 5, 2026: Defendant served a Notice of Deposition of Plaintiff Colton Puckett, setting the deposition for October 27, 2026.
- October 7, 2026: Defendant served meet-and-confer correspondence concerning Plaintiff's document production.
- Plaintiff has requested and received medical and billing records from his treating providers, including Henderson Hospital, Comprehensive Cancer Centers of Nevada, Kelly Hawkins Physical Therapy, Vivida Dermatology, Desert Orthopaedic Center, Concentra Medical Centers, and Sunrise Hospital and Medical Center. Records from some providers remain outstanding.

**B. <u>Discovery Which Still Needs to Occur</u>**

The parties still have substantial discovery to complete. The remaining discovery includes the following:

- Deposition of Plaintiff Colton Puckett, now set for November 23, 2026
- Defendant's production of the OSHA investigation materials Bates-labeled DEF001483–DEF001965 upon entry of a protective order
- Deposition of Defendant's Fed. R. Civ. P. 30(b)(6) designee(s);
- Deposition of Defendant's employee Kris Ahrens, scheduled to proceed on November 24
- Deposition of Defendant's employee Travis Sterling, scheduled for November 30, 2026; depositions of the individuals involved in the decision to terminate Plaintiff's employment; and

- Depositions of other current and former employees and third-party witnesses with knowledge of the June 2025 workplace incident, Plaintiff's injuries and medical restrictions, his leave and return to work, and his termination;
- Obtaining and reviewing outstanding third-party records, including the remaining medical and billing records from Plaintiff's treating providers and any records obtained by authorization or subpoena relating to Plaintiff's workers' compensation claim and the OSHA investigation; and

Because the remaining discovery includes party, corporate-designee, and non-party depositions, the production and review of confidential documents that await entry of a protective order, outstanding third-party medical records, and expert discovery, the parties require additional time to complete discovery.

**C. Proposed Schedule for Completing Remaining Discovery**

**Amending the Pleadings and Adding Parties:** The August 14, 2026 deadline to amend the pleadings or add parties has passed and shall remain closed.

**Discovery Cut-Off Date:** The current November 12, 2026 discovery cut-off date shall be extended ninety (90) days to February 10, 2027.

**Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):** The September 13, 2026 deadline for initial expert disclosures shall remain closed. The current October 13, 2026 deadline for rebuttal expert disclosures shall remain closed.

**Dispositive Motions:** The current December 12, 2026 dispositive motions deadline shall be extended to March 12, 2027, which is thirty (30) days after the extended discovery cut-off date.

**Pretrial Order:** If no dispositive motions are filed, the Joint Pretrial Order shall be filed by April 12, 2027, because the thirtieth day after the extended dispositive motions deadline falls on Sunday, April 11, 2027. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the decision on the dispositive motions or until further order of the Court.

**Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the Joint Pretrial Order.

**D. Statement Explaining Why Discovery Was Not Completed by the Deadlines Set Forth in the Current Scheduling Order**

The parties agree that good cause exists for the requested extension of the discovery deadline. Since discovery opened, the parties have worked diligently to move this matter forward, and this request is not made for purposes of delay. Rather, it is made so that the remaining discovery can be completed in an orderly and efficient manner. Specifically, the parties still need to complete the deposition of Plaintiff Colton Puckett and the depositions of certain employees of Defendant, Travis Sterling and Kris Ahrens. These depositions are central to the claims and defenses in this action, and were not able to be taken as originally noticed by the parties due to scheduling issues.

The main reason for these delays is based, in part, on the fact that, between August 11, 2026, and September 3, 2026, Plaintiff's counsel, John M. Orr, who is the primary attorney working the case on behalf of Plaintiff, was required to travel emergently on two occasions for extended periods of time to San Diego to be with his older brother, who had been hospitalized and admitted to the critical care unit at UCSD Hillcrest Hospital. Unfortunately, counsel's brother passed away on August 25, 2026. Mr. Orr also was out of the office the week of October 5, 2026, to attend funeral services.

In the coming weeks and months, Mr. Orr also expects that he may need to be out of the office intermittently to assist his family with matters related to the administration of his brother's estate. As lead counsel most involved in the handling of this matter, Mr. Orr's unexpected absence and resulting family obligations had a substantial impact on the parties' ability to advance discovery during portions of the discovery period.

Additional good cause exists because this employment case involves multiple categories of evidence. Plaintiff asserts claims under federal and Nevada law for discrimination, retaliation, failure to accommodate, FMLA interference, and tortious discharge. These claims turn on the June 2025 workplace incident, Plaintiff's resulting injuries, treatment, and medical restrictions, his leave

and medical clearance to return to work, Defendant's December 2025 termination decision, and Plaintiff's claimed economic and non-economic damages. Plaintiff treated with at least seven medical providers, and records from some of those providers remain outstanding. The parties require those records, and the deposition testimony of Plaintiff and Defendant's witnesses, before they can make meaningful expert disclosures.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

For the reasons stated above, the parties respectfully request that the Court enter an order extending the Scheduling Order deadlines as follows:

| Description | Current Deadline | **Proposed Deadline** |
|---|---|---|
| Discovery Cut-Off | November 12, 2026 | **February 10, 2027** |
| Dispositive Motion Deadline | December 12, 2026 | **March 12, 2027** |
| Joint Pretrial Order, if no dispositive motion filed. If a dispositive motion is filed, it will be due 30 days after the decision on that motion | January 12, 2027 | **April 12, 2027** |

DATED: October 22, 2026

GREENBERG GROSS LLP

I certify that Artificial Intelligence was used to prepare the foregoing document.

By: /s/ John M. Orr
JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
JOHN M. ORR
Nevada Bar No. 14251
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135

*Attorneys for Plaintiff*
*Colton Puckett*

DATED: October 22, 2026

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

I certify that Artificial Intelligence was used to prepare the foregoing document.

By: /s/ Sheri M. Thome
SHERI M. THOME
Nevada Bar No. 008657
NICHOLAS F. ADAMS
Nevada Bar No. 014813
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, Nevada 89119

*Attorneys for Defendant*
*EMD Acquisition LLC*

**ORDER**

IT IS SO ORDERED.

Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATED: October 26, 2026